DAUKSCH, Chief Judge.
This is an appeal from a judgment in an insurance coverage case.
The question on appeal is whether appellant is required under its “Automobile Service Center Policy” to pay for the automobile accident described in this opinion.
The policy in pertinent part provides coverage for “automobile service center operations hazard” and the policy defines the hazard as follows:
automobile service center operations hazard—
the ownership, maintenance or use of the premises for the purposes of a gasoline service station and all operations necessary or incidental thereto herein called service station operations including the automobile hazard which shall be defined as the use in connection with service station operations of any automobile which is neither owned nor hired by the named insured, a partner therein or a member of the same household as any such person.
In addition to the foregoing provision there is a specific exclusionary clause in the policy which says:
Exclusions — Section 2 of this policy does not apply under Part 1:

(c) To any automobile:
1. While being operated in any prearranged or organized racing or speed contest,
2. While rented to others by the named insured, or,
3. While being used by the insured as a public or livery conveyance or for carrying property for any charge,
(emphasis supplied).
*522 Mike Smith d/b/a Mike’s Texaco operates a service station which provides full service for automobiles and Southeastern Fidelity wrote its policy covering the named insured “Mike Smith d/b/a Mike’s Texaco.”
In addition to the operation of the Texaco station, Mike Smith conducted a car rental business for Avis Rent-A-Car, Inc. Avis had some of its rental cars located on the premises of the service station; after expiration of their rental contracts, patrons could either return cars rented from Mike’s Texaco or drop off cars rented from other Avis agencies. Mike Smith was apparently an agent for Avis in the renting of these cars, in addition to being responsible for cleaning and servicing the cars which were returned or dropped off after rental.
A thief named LaValle saw the keys had been left in one of the Avis rental cars parked and available for rent at Mike’s Texaco. He stole the ear and wrecked it, injuring Sintros. Sintros sued LaValle, Mike Smith and Avis and others. Southeastern denies it is responsible under its policy with Mike’s Texaco because the operation of a car rental agency is not a necessary or incidental operation of an automobile service station. Avis’ insurer Liberty Mutual contends Southeastern must at least share with Liberty the coverage of the accident because the car rental was incidental to the service station operation; moreover, because Mike’s Texaco was also responsible for the servicing of the Avis cars on its lot so that the car was probably being serviced as well as rented.
The trial judge considered the facts, which are not in dispute, and the insurance policies and concluded coverage was provided under the Southeastern policy for the LaValle-Sintros accident. The judgment does not set out any rationale for the finding of coverage so we shall assume each and all of the appellee Liberty Mutual’s arguments were the basis for the judgment.
We agree with appellee’s statement in its brief that “This case is simply one of policy construction and application to the Sintros Complaint.” That is, in order to determine Southeastern’s liability vel non we look to the insurance policy.
Because the policy covers only operations necessary and incidental to the servicing of automobiles and there is no proof the subject car was on the premises for anything other than rental we must conclude the Southeastern insurance policy does not cover the accident. It is our determination that the operation of a car rental agency is not a necessary and/or incidental part of a service station operation thus the policy was not broad enough to cover the accident even if Mike’s Texaco had serviced the car before placing it on the lot for rent. That servicing of the car, if it had occurred, was incidental to the rental agency, not vice versa.
The judgment of the trial court is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.